González Calderón y Compañía et al., Peticionarios, *v.*
Córdova Dávila, Juez de Distrito, Demandado, y Asocia-
ción de Agricultores de Río Grande, Loíza y Carolina,
Interventora.

Solicitud para que se expida un mandamiento de *certiorari* al
Juez de la Corte de Distrito de San Juan, Sección Primera,
en pleito sobre cobro de dinero.

No. 178.—Resuelto en reconsideración en 24 de julio, 1917.

SUMARIO DE LA OPINIÓN DEL TRIBUNAL, EMITIDA POR EL JUEZ ASOCIADO SR.
HUTCHISON, EN MAYO 22, 1917.

Intervención — Asociación de Agricultores — Cobro de Dinero — Cuasi-Par-
tes—Partes Interesadas—Certiorari.—Cuando una asociación de agricul-
tores que no tiene un fin pecuniario entabla una demanda en cobro de pesos,
no en su propio nombre, sino para beneficio de sus asociados, incluyendo,
sin su consentimiento, a varios de ellos que representan una proporción ma-
yor de la cantidad que se pretende recobrar, quienes tienen por tanto un
interés en la materia de la acción ejercitada, siendo ya no *cuasi-partes* sino
las verdaderas partes interesadas, y solicitan se les permita intervenir como
demandados alegando su interés en la acción y que el derecho exclusivo y
personal que ellos tienen en el asunto no lo han transferido a la demandante,
ni a ninguna otra persona, debe admitirse la intervención.

Id. — Id. — Falta de Facultades para Representar a Asociados. — No existe
principio alguno de ley que obligue a individuos que forman parte de una
asociación para favorecer la agricultura en general, prestando ayuda, de-
fensa y protección a todos sus asociados en los casos en que éstos las hayan
menester, y que tienen un interés en la misma, a elegir entre ser incluídos
como demandantes o excluídos totalmente, o que se les prohiba negar la ver-
dad de las alegaciones hechas en su nombre o a su favor, si la asociación
carece de facultades para representarlos.

Id.—Cuasi-Partes.—Aun en las Cortes Federales donde solamente puede permi-
tirse la intervención en acciones de equidad y donde la regla es más rigurosa
contra la admisión de partes que se encuentran en actitud hostil contra el
primitivo demandante, la regla general que prohibe la presentación de nue-
vas partes demandadas cuando se opone el demandante, no es aplicable con
todo vigor, si la persona que desea comparecer pertenece a la clase conocida
por *cuasi-partes*, en cuyo término están comprendidas aquellas que ya están
representadas en la acción o que se presentan dentro de los límites del proce-
dimiento *pendente lite*. Tales personas tienen derecho a ser oídas por la corte
con respecto a cualquier cuestión que afecte a sus intereses; y la corte los
oirá bien mediante moción, o petición, o si fuese necesario, las reconocerá
como partes litigantes activas.

Sumario de la opinión del tribunal, emitida por el juez asociado sr. Wolf, en julio 24, 1917.

Intervención—Derecho de Partes Interesadas a ser Oídas.—Una solicitud de intervención debe generalmente demostrar un interés, pero cuando este aparece de la misma demanda, las partes que no desean que el pleito sea seguido en su nombre o representación tienen derecho a ser oídas, ya como demandantes o como demandadas, aunque no sea con otro objeto que el de renunciar o impedir la acción en su supuesto interés.

Los hechos están expresados en las opiniones.

Abogado de los peticionarios: *Sr. Eduardo Acuña Aybar.*

Abogado de los interventores: *Sr. José de Guzmán Benítez.*

El Juez demandado Sr. Félix Córdova Dávila, no compareció.

Los Jueces Asociados Sres. Hutchison y Wolf, emitieron las opiniones del tribunal.

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO
SR. HUTCHISON, EN MAYO 22, 1917.

La Asociación de Agricultores de Río Grande, de Loíza y Carolina, que en adelante se le llama Asociación, estableció una acción contra la Loíza Sugar Company, alegando en sustancia que la demandante es una Asociación, en el pleno ejercicio de su capacidad, domiciliada en el pueblo de Loíza del Distrito Judicial de San Juan, incorporada bajo los preceptos de la Ley No. 22 de la Asamblea Legislativa de Puerto Rico "para la formación de asociaciones que no tengan por objeto un beneficio pecuniario," aprobada en 9 de marzo de 1911, uno de cuyos propósitos es el de favorecer la agricultura en general, prestando ayuda, defensa y protección a todos sus asociados en los casos en que éstos las hayan menester; que todos los agricultores miembros de la Asociación demandante se dedican a la siembra y cultivo de la caña de azúcar y como colonos que son de la "Loíza Sugar Company," han venido, desde el año 1911, vendiendo sus cosechas de dicho fruto a la corporación demandada, quien pesa las cañas en su romana y las recibe para molerlas en su factoría, obligándose a pagar a dichos colonos, como precio, seis libras de azú-

car por cada cien libras de caña que de dichos agricultores
recibe, el cual precio les abona siempre en metálico, al tipo
corriente a la sazón, en el mercado de azúcar de los Estados
Unidos; que los colonos de la demandada, miembros aso-
ciados de la demandante han procedido siempre de buena fe
y cumplido correcta y fielmente su compromiso de sembrar,
vender y entregar todas sus cañas a la "Loíza Sugar Com-
pany," lo que han verificado confiando en la corrección de la
compañía y en la exactitud de las liquidaciones que aquélla
les ha presentado con nota del peso en su romana, de las
cañas vendidas y del valor en efectivo del precio estipulado
en especie, o sea de seis libras de azúcar por cada cien libras
de caña recibidas por la Central; y al efecto, los miembros
de la Asociación demandante han venido entregando a la cor-
poración demandada, a tenor del peso resultante de la ro-
mana de la "Loíza Sugar Company," ciertas cantidades de
caña que se enumeran; que por su parte la corporación de-
mandada no ha cumplido correctamente la obligación que se
impuso de pagar a los mencionados agricultores, miembros de
la Asociación demandante, el precio de las cañas comprádas-
les y recibidas de aquéllos, cual es el valor total de seis libras
de azúcar por cada uno de los ocho millones, trescientos mil
cuatrocientos noventa y nueve quintales, cuarenta céntimos
de caña que dichos colonos agricultores le han vendido y en-
tregado durante las cosechas de mil novecientos once a mil no-
vecientos catorce, inclusive; pues según han sido informados
los susodichos agricultores, la compañía demandada les ha
dejado de pagar, hasta octubre de mil novecientos catorce, la
totalidad del precio estipulado, por haber ella eliminado del
peso íntegro de todas las cañas que compraba, el uno y medio
por ciento o sea una y media libra de caña en cada quintal de
este fruto; que con esa disminución de las cantidades que
realmente importaban las cañas vendidas por los colonos de
que se trata a la corporación demandada, ésta ha perjudicado
gravemente a dichos colonos reteniendo en su poder y de-
jando de pagarles las sumas correspondientes a dicho seis

por ciento desde 1911 a 1914, o sea el valor de siete mil ciento setenta quintales veinte y seis libras de azúcar que repre- senta dicho seis por ciento, los cuales importan veinte y dos mil, seiscientos sesenta y ocho dollars, diez y siete centavos; que en octubre de mil novecientos catorce fué oficialmente contrastada por el Departamento de Pesas y Medidas la ro- mana de la "Loíza Sugar Company" y conocida que fué la anormalidad del peso de la misma, según se deja alegado, los colonos de la demandada y miembros de la Asociación de- mandante, enterados del perjuicio que venían recibiendo en el precio de sus cañas, acudieron a ésta para que los prote- giese y defendiese en sus derechos a percibir las sumas que la "Loíza Sugar Company" había dejado de pagarles por el concepto alegado y entonces, la Asociación demandante acordó autorizar al presidente para gestionar, en primer lugar amigablemente, con la demandada el cobro de dichas dife- rencias, y, en segundo lugar, para el caso de no obtener éxito en sus gestiones privadas, acudir a los tribunales estable- ciendo, con ese objeto, las reclamaciones judiciales proce- dentes.

En la súplica se pide a la corte que dicte sentencia con- denando a la corporación demandada, "Loíza Sugar Com- pany," a pagar a la asociación demandante, para sus asocia- dos los colonos de la demandada, la suma de veinte y dos mil seiscientos sesenta y ocho dólares, diez y siete centavos, más los intereses, costas y honorarios de abogados.

La corte declaró sin lugar una excepción previa inter- puesta por la demandada en la que alegó, entre otras razones, que la demandante carece de capacidad legal para demandar en este pleito el pago del dinero que interesa en la demanda, en razón a que siendo dicha demandante una asociación que no tiene por objeto un beneficio pecuniario, no puede como tal asociación demandar lo que a sus asociados se adeude por razón de contratos celebrados individualmente con dichos aso- ciados sin consideración alguna a la Asociación, y que la

demanda no aduce hechos suficientes para determinar una causa de acción.

Los peticionarios en este caso presentaron una moción de intervención, alegando lo siguiente:

"Que los peticionarios todos son miembros activos de la Asociación de agricultores de Río Grande, Carolina y Loíza, demandante en este caso, que es una corporación organizada bajo las leyes de Puerto Rico, con fines no lucrativos, y se encuentran cubiertos en el pago de las cuotas que dicha asociación requiere para ser miembro activo de ella;

"Que los peticionarios han sido en los años de 1911 a 1914 y son en la actualidad, cultivadores de cañas de azúcar en terrenos que enclavan en los términos municipales de Río Grande, Loíza y Carolina; y todas las cañas cultivadas y recolectadas en dichos terrenos bajo el control de los peticionarios en los expresados años, han sido molidas en la Central Canóvanas perteneciente a la Loíza Sugar Company, demandada en este caso a virtud de contratos celebrados entre dicha Loíza Sugar Company y los peticionarios; habiendo alcanzado la plantación de caña de los peticionarios próximamente a unas tres quintas partes del total de cañas molidas en dicha central en los años antes expresados;

"Que los peticionarios en su doble condición de miembros de la Asociación demandante y de colonos de la corporación demandada 'Loíza Sugar Company,' tienen en este pleito un interés directo e inmediato, por cuanto la acción en él ejercitada en cobro de diferencias de precio de azúcar durante los años de 1911 al 1914 es y constituye un derecho exclusivo y personal de los peticionarios que en ningún tiempo ni momento han transferido a la Asociación demandante; entendiendo los peticionarios bajo este concepto que dicha Asociación demandante no está capacitada para reclamar judicialmente, en cuanto a los peticionarios se refiere, las diferencias de precio de azúcares que es objeto principal de esta demanda;

"Que basados en ese interés los peticionarios desean intervenir en este pleito, uniéndose a la corporación demandada en oposición a las pretensiones del demandante; y de acuerdo con el artículo 72 del Código de Enjuiciamiento Civil, solicitan de la corte el correspondiente permiso para presentar con el carácter de interventores, una contestación a la demanda en los términos que indica la copia que se adjunta."

La corte de distrito al declarar sin lugar esta moción

fué de opinión de que los hechos alegados por los peticionarios demostraban que no tenían interés de ningún género en la materia de la acción ejercitada por la asociación demandante y que no era necesaria la intervención solicitada porque los fines de la justicia podían quedar suficientemente satisfechos declarando dichos solicitantes como testigos en el acto del juicio, si a la parte demandada le interesara utilizar sus declaraciones en concepto de prueba.

La asociación no es una corporación que hace negocios ordinarios y no demanda en su propio nombre, sino en beneficio de sus asociados, incluyendo a los peticionarios quienes, admitiendo como debemos la verdad de los hechos por ellos alegados, representan las tres quintas partes de toda la caña molida por dicha compañía demandada y por tanto, por lo menos una proporción igual si no mayor de la cantidad que se pretende recobrar. Por consiguiente, difícilmente puede decirse que ellos no tienen interés en la materia de la acción ejercitada. Creemos que resulta razonablemente claro que los peticionarios son ya *quasi* partes si no las verdaderas partes interesadas.

La asociación no alega tener ningún interés en los contratos de molienda de sus asociados como no sea el vago propósito general de su organización para "favorecer la agricultura en general, prestando ayuda, defensa y protección a todos sus asociados en los casos en que éstos las hayan menester"; y alegan solemnemente los peticionarios que, en lo que a ellos respecta dicha asociación es una parte completamente ajena a los contratos en los cuales se funda la acción. Ciertamente que los colonos en particular que resulten ser miembros de dicha asociación, por lo menos *prima facie* tienen tanto interés como puede tener la asociación en el producto de los contratos de molienda celebrados directa, sola y exclusivamente entre ellos mismos y una central. Y no demostrándose que hayan hecho algún traspaso o cesión de su derecho de acción, no podemos ver cómo puede ser que por la mera autorización de dicha asociación a su presidente

para establecer una acción a nombre y para uso y beneficio de sus miembros, incluyendo a dichos colonos en particular, sin su consentimiento, para recobrar un dinero que se alega deberse por virtud de tales contratos y la radicación de dicha demanda, puede producir el efecto de privarles de su derecho en el referido producto que asciende a más de la mitad en la materia objeto de la acción. Ni conocemos tampoco ningún principio de ley que obligue a individuos que tienen tal interés a elegir entre ser incluídos como demandantes o excluídos totalmente, o que les prohiba negar la verdad de las alegaciones hechas en su nombre, o a su favor, si como expresamente se alegó en la pretendida contestación, la asociación demandante carece de facultad para representarles.

Habiendo declarado la corte que la demanda original era suficiente por su faz, la capacidad de la asociación para representar a los colonos sólo puede ser atacada eficazmente por la contestación. Tal vez si en cuanto a este punto la contestación presentada por los peticionarios no es tan completa y explícita como debiera serlo, pero es tan específica como la demanda. Puede o no ser cierto que los peticionarios estén obligados por la supuesta resolución autorizando al presidente de la asociación a establecer la acción que ha sido instituída, o que estén ellos impedidos por otros conceptos de poder negar el derecho de la asociación a demandar en su nombre, pero ésta es una cuestión que puede ser resuelta de modo terminante y concluyente solamente después de oirse la prueba. Mientras tanto, si tal es la teoría de la demanda, que no es clara en absoluto, entonces debe considerarse que dicha teoría ha sido negada suficientemente en la contestación que acompaña a la moción, y creemos que los peticionarios tienen derecho a ser oídos sobre este punto.

Aun en las Cortes Federales donde solamente puede permitirse la intervención en acciones de equidad y donde la regla es más rigurosa contra la admisión de partes que se encuentran en actitud hostil contra el primitivo demandante,

"La regla general que prohibe la presentación de nuevas partes

demandadas cuando se opone el demandante, no es aplicable con todo vigor si la persona que desea comparecer pertenece a la clase conocida por cuasi partes, en cuyo término están comprendidas aquellas que ya están representadas en la acción, o que se presentan dentro de los límites del procedimiento *pendente lite.* Tales personas tienen derecho a ser oídas por la corte con respecto a cualquier cuestión que afecte a sus intereses; y la corte les oirá bien mediante moción, o petición, o si fuese necesario, las reconocerá como partes litigantes activas.''

Y además,

''Los beneficiarios garantizados por virtud de una escritura de depósito y otros *cestuis qui trustent* en las acciones establecidas por o en contra de su depositario, están comprendidos en la clase de cuasi partes. Se reconoce que estas personas tienen cierto derecho en la acción por representación; y puede la corte, por cualquier buena razón que se alegue, admitirlas a tomar participación activa en el litigio a pesar de cualquier objeción que pueda hacer el demandante.'' Am. Ann. Cas. 1913, D. 1036.

Véase también a 1 C. J., págs. 982, 983, párrafos 86, 87; 31 Cyc. 512; 1 Sutherland Code Pleading, Practice and Forms, 419, §§ 631 *et seq.;* 3 Estee's Pleading, 146, §§ 4507 *et seq.;* 3 Kerr § 387, p. 431 *et seq.*

La orden de que se quejan los peticionarios debe ser anulada.

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SR. WOLF, EN JULIO 24, 1917.

Este caso fué visto de nuevo en reconsideración por motivo de no haber sido notificada de la vista la demandante en el pleito original, habiendo sido notificado únicamente el juez inferior. No vemos razón alguna para modificar lo que ya hemos dicho. Dicha demandante insiste en que los peticionarios según propia confesión no tienen interés alguno. De otra parte, la demandante en su demanda como una alegación general establece que lo tiene. Estableciendo la demanda tal interés general por parte de los peticionarios, la corte, podría sin embargo resolver que los peticionarios

tenían el interés que ellos niegan y que dicha demandante tenía derecho a recobrar a pesar de que los peticionarios nieguen o renuncien su interés. Una sentencia final tendría que afectarles necesariamente aunque fuera dictada en su favor. Nadie está obligado a tener sobre sí un beneficio que desea renunciar. El interés es alegado por una parte y negado por la otra. Convenimos con la dicha demandante en que una solicitud de intervención debe generalmente demostrar un interés, pero cuando el interés aparece de la demanda, las partes que no desean que un pleito sea seguido en su nombre o en su representación, tienen derecho a ser oídas, ya como demandantes o como demandadas; aunque no sea con otro objeto que el de renunciar o impedir una acción en su supuesto interés. Quizás los interventores deben ser oídos por la corte sólo para permitirles el presentar su renuncia, y no para impedir que la acción sea seguida en nombre de otros. El caso en sí se ha hecho complicado y difícil a causa de la naturaleza del pleito. En un sentido ninguno de los supuestos colonos estaría afectado por una sentencia, pues ésta, en nuestra opinión, no obligaría a nadie excepto quizás remotamente por impedimento. Cualquier colono podía demandar otra vez y la sentencia, excepto por tal impedimento, no sería cosa juzgada. Hacemos constar que nuestra opinión dictada en este procedimiento no es terminante para la corte o las partes en el pleito principal, pero la misma influye sobre nuestro ánimo al revisar la cuestión del interés o el efecto de la sentencia, y un examen de esta opinión podría evitar a la demandante y a los colonos que ella dice representar considerable dilación y molestia.

La orden recurrida debe ser anulada.

> *Con lugar la solicitud y anulada la orden que declaró sin lugar la intervención.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.